THE CONNECTICUT MORTGAGE AND TITLE GUARANTY
COMPANY, TRUSTEE, *vs.* NATALE DIFRAN-
CESCO, TRUSTEE, ET AL.

Third Judicial District, New Haven, June Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, JS.

Argued June 10th—decided July 31st, 1930.

*Benjamin F. Goldman,* with whom was *Harry L.
Edlin,* for the appellants (defendants).

*Lyman H. Steele,* for the appellee (plaintiff).

On December 20th, 1929, the court denied defend-
ants' motions for the restoration of personal property
and of personal businesses, and for permission to sue
the receiver. No notice of appeal, or appeal, has ever
been taken from the decision denying these motions.

Assuming that an appeal might have been taken as
from a final judgment, the right of appeal had expired
by limitation of time when, on January 17th, 1930, the
court directed at the same term that these orders be
vacated "for the purpose of giving the defendant Na-
tale DiFrancesco an opportunity to appeal therefrom,"
and thereupon ordered that the order of December
20th, 1929, be re-entered as on January 17th, 1930.
On January 24th, 1930, the appellant filed his notice
of appeal from the orders of January 17th. A finding
was subsequently filed and on April 17th, 1930, the
appeal herein was filed.

The plaintiff moved to dismiss the appeal and filed

a plea to the jurisdiction and in abatement. Both pleadings are in the main upon the common ground that the court was without power to reopen its decision of December 20th, and make its order of January 17th, since the defendants' right of appeal from the order of December 20th was then lost to them.

If these orders were final judgments, the opening of them during the term at which they were rendered is at the legal discretion of the court and reviewable by this court if that discretion is unreasonably exercised. *McCulloch* v. *Pittsburgh Plate Glass Co.*, 107 Conn. 164, 167, 140 Atl. 114; *Tyler* v. *Aspinwall*, 73 Conn. 493, 497, 47 Atl. 755; *State* v. *Maresca*, 85 Conn. 509, 83 Atl. 635.

The court may correct the record to make the judgment speak the truth during or after the term. Errors of this character are called clerical errors; over judicial errors its control over its judgments extends only during the term in which they are rendered. *Potter* v. *Prudential Ins. Co.*, 108 Conn. 271, 282, 142 Atl. 891.

"Errors into which the court itself falls are judicial errors." *State ex rel. McHatton* v. *District Court*, 55 Mont. 324, 329, 176 Pac. 608, 609. An error of this character occurs when the judgment rendered is erroneous in some particular requiring it to be changed; it is not a mere clerical error but one affecting the substance and justice of the judgment. The vacation of the judgment of December 20th was not due to either a clerical or a judicial error. The court could on January 17th have granted an extension of time for filing the appeal but only for due cause. General Statutes, Rev. 1918, § 5823. *La Croix* v. *Donovan*, 97 Conn. 414, 416, 117 Atl. 1. In this case no good cause was shown and no such extension could have been granted. The judgment was vacated to permit a new order to be entered of like character in order to save

the defendants their right of appeal from the earlier order which had been lost. The judge could not extend the time for filing a notice of appeal or an appeal beyond the statutory authority. *Cramer* v. *Reeb,* 89 Conn. 667, 669, 96 Atl. 154. The vacation of these orders for the purpose stated to enable the defendants to avoid the statutory bar was wholly outside the legal discretion of the judge.

The demurrer to the motion to dismiss the appeal and the plea in abatement are overruled and the motion granted and the plea sustained.