JOHN L. SIMPSON *vs.* THE YOUNG MEN'S CHRISTIAN
ASSOCIATION OF BRIDGEPORT ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 3d—decided May 2d, 1934.

*Daniel H. Cotter,* with whom, on the brief, were *Alexander Greenspun* and *J. Leo Campana,* for the appellants (defendants).

*Raphael Korff,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff in his complaint alleged that he was a subcontractor in the construction of a building for the defendant association.   The complaint was divided into two counts, one based upon a claimed lien upon the property of the association and the other seeking recovery upon a bond given by the general contractor, with a surety company as surety, which was alleged to be conditioned upon the payment by the general contractor of the sums due "all persons who have contracts directly with the principal for labor and materials."   The claims for relief sought an adjudication of the amounts due subcontractors and determining the manner in which the various claims should be paid, judgment against the association for the amount found due the plaintiff and against the surety on the bond for any excess of the amount due the plaintiff over the debt secured by its lien, a foreclosure of the lien and damages.   The association, the

surety upon the bond, and several parties alleged to claim mechanics' liens upon the property were made defendants. The association and the surety company in a joint answer put in issue the right of the plaintiff to recover in the action, as did the defendants who claimed liens upon the property; and each of the latter, in a cross-complaint, also claimed that the relief sought by the plaintiff should be granted to him.

The trial court, on July 9th, 1932, filed a memorandum of decision in which it stated that, to accommodate the contractor, the plaintiff had given him a receipted bill showing that the amount remaining due under his subcontract had been paid, that the contractor submitted this receipt to the architect, and upon the basis of it the architect issued a certificate to the contractor under which payments were made to him. The court concluded that "while payment had not actually been made to this plaintiff, as against these defendants he is estopped from denying payment and from enforcing or attempting to enforce the claimed mechanic's lien, which, because of the circumstances is void and of no effect;" on similar grounds it held that one of the defendant lienholders, Copeland, was estopped to assert a lien except for a portion of the amount he claimed; and the court directed judgment to be entered in accordance with the memorandum.

Subsequently the plaintiff filed an appeal and requested a finding of facts, which the trial court made under date of September 30th, 1932. Under date of April 15th, 1933, the record discloses an entry "judgment opened." On October 23d, 1933, the plaintiff filed a motion in which he alleged that no final judgment had been entered in the action within the time limited by § 5409 of the General Statutes, and asked an order that a new trial be had before another judge

than the one who had previously heard the case, which motion was granted. On December 26th, 1933, the defendants filed an appeal "from the judgment" of the court and within an extension of time granted them by the trial court to file a request for a finding, they filed assignments of error based upon the granting of the plaintiff's motion of October 23d, 1933. The judge who made the original decision and the judge from whose order this appeal was taken, on March 23d, 1934, joined in a correction of the record in which it is stated that the opening of the judgment on April 15th, 1933, was for the limited purpose of allowing counsel to file cross-complaints and to more formally prove the liens of the defendant lienholders "excepting those liens and claims of John L. Simpson, plaintiff, and R. E. Copeland, co-defendant, whose claims were adjudicated as per memorandum of decision filed July 9th, 1932." The plaintiff has filed in this court a motion to erase the appeal because there was no final judgment from which it could be taken.

The memorandum of decision was filed on July 9th, 1932. The entry that the judgment was opened was made April 15th, 1933. We take judicial notice that a term of the Superior Court in Fairfield County opened upon the third Tuesday of September, 1932. General Statutes, Cum. Sup. 1933, § 1127b. The action of the trial court in opening the judgment after the end of the term during which it was rendered was erroneous; *Goldreyer* v. *Cronan,* 76 Conn. 113, 115, 116, 55 Atl. 594; *Connecticut Mortgage & Title Guaranty Co.* v. *Di Francesco,* 112 Conn. 673, 674, 151 Atl. 491; *Ferguson* v. *Sabo,* 115 Conn. 619, 621, 126 Atl. 844; but it was not void. The statement filed by the judges as to the purpose for which that judgment was opened cannot have the effect of limiting the terms of the order. The only judgment to be opened was that

embodied in the memorandum of decision, which affected only the plaintiff and the defendant Copeland and in no way adjudicated any rights of the other defendant lienholders. If, as therein stated, the memorandum of decision did adjudicate the claims of the plaintiff, that is, did find that he had no cause of action against any of the defendants, the memorandum would have constituted a final judgment as to him, although the issues raised by the defendant lienholders other than Copeland by their cross-complaints still remained for determination; and to adjudicate their rights there was no occasion to open the judgment as it affected the plaintiff. *Bunnell* v. *Berlin Iron Bridge Co.,* 66 Conn. 24, 37, 33 Atl. 535; *Guarantee Trust & S. D. Co.* v. *Philadelphia, R. & N. E. R. Co.,* 69 Conn. 709, 714, 38 Atl. 729; *Cox* v. *McClure,* 73 Conn. 486, 492, 47 Atl. 757; Practice Book, p. 310, § 16. When, on October 23d, 1933, the plaintiff made his so-called motion for a new trial, the judgment embodied in the memorandum of decision having been opened, there was no judgment in the case. It was entirely too late for the judge who tried the case to render judgment upon the evidence heard by him some time previous to July 9th, 1932. General Statutes, § 5409; *Spelke* v. *Shaw,* 117 Conn. 639, 169 Atl. 787. That being so, the plaintiff had the right to claim the case for trial, as though no hearing had been held. *Lawrence* v. *Cannavan,* 76 Conn. 303, 306, 56 Atl. 566. The granting of the plaintiff's motion based upon the statute merely gave formal recognition of that right. It in no way concluded any rights of the parties; it afforded no basis for an appeal; and the motion to erase the appeal is granted. *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works, Inc.,* 108 Conn. 304, 307, 142 Atl. 838. The case stands now

upon the docket of the trial court as though no hearing had ever been held.

Appeal erased from the docket.

In this opinion the other judges concurred.