MARY S. CARRINGTON (E. BOSWORTH GRIER, SUBSTI-
TUTE PLAINTIFF) *vs.* JOHN E. MUHLFELD.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued December 1st, 1936—decided January 8th, 1937.

*Lyman H. Steele,* for the appellant (named defendant).

*Wallace W. Brown,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff, on February 21st, 1936, secured a judgment of foreclosure of a first mortgage upon property owned by the defendant Muhlfeld in which the day for redemption was fixed for him as May 5th, 1936, and for the other defendants upon days thereafter, the last being May 13th, 1936.   On April 17th, 1936, Muhlfeld moved to open the judgment in order that an error in the amount of the debt found to be due might be corrected and that the period for redemption by him might be extended; and on April 20th, 1936, the plaintiff also moved to have the judgment opened, that the error in the amount of the debt might be corrected and that he might cite in an additional party.   The trial court granted the plaintiff's motion and permitted the additional party to be cited in.   On May 1st, 1936, another judgment, to which the parties agreed, was entered in the correct amount and the day of redemption for Muhlfeld was fixed as May 11th, 1936, and for the other defendants on succeeding days, the last being May 16th, 1936.   On May 14th,

1936, Muhlfeld moved that this judgment be opened. This motion the trial court denied and the only error claimed is in this ruling.

At the hearing when the first judgment was entered witnesses placed the value of the property at about $23,000. The principal amount due upon the mortgage was $15,000, and when the second judgment was entered there was also due to the plaintiff for interest, taxes paid by him and costs an additional sum of $3236.47. There were other incumbrances upon the property, so that the aggregate of all incumbrances, including the first mortgage which was being foreclosed, amounted to more than $43,000. One of those incumbrances was a judgment lien held by a bank securing an indebtedness of more than $21,000. On May 8th the bank had agreed to accept $10,000 in full settlement of its claim, provided Muhlfeld redeemed the property on May 11th, 1936, but he did not do so and nothing further was done in the matter. At the hearing on the second motion to open the judgment, Muhlfeld offered to pay the plaintiff a sum which would discharge all obligations above the principal of the mortgage debt, to deliver possession of the property to the plaintiff, the reasonable value of its use to be credited upon the debt should Muhlfeld redeem, and to restore and replace furniture in the building on the property for the use of the plaintiff; but the plaintiff was unwilling to accept this offer. Counsel for Muhlfeld also expressed a desire to negotiate for a settlement of the incumbrances upon the property subsequent to the first mortgage, but gave no reasonable assurance that any settlement could be made. Muhlfeld asked an extension of the time in which he might redeem until fall; the trial court refused to entertain that request; it did suggest an extension until some time in June if Muhlfeld could arrange a

settlement of the various claims by that time; but he did not accede to this suggestion. The trial court found that the main, if not the only, purpose of the motion to open the judgment was to enable Muhlfeld, in some way not apparent, to settle the claim of the bank for less than its face value. The bank strenuously opposed the opening of the judgment.

The debt secured by the mortgage was due and the only object of extending the time for Muhlfeld to redeem would be to give him a further opportunity to pay it, to save the loss of the mortgaged property. If Muhlfeld paid the debt to the plaintiff the property would still be subject to incumbrances amounting to $28,000. The trial court evidently believed that under the circumstances Muhlfeld would not be able to, or would not, pay the debt before the expiration of the time he sought to have fixed for redemption and that the right of the plaintiff to have the debt paid or secure title to the property should not be postponed for some months beyond the time fixed in the judgment. Whether or not it should open the judgment was a matter resting within its discretion and, unless that discretion was abused or was based upon some error in law, the denial of the motion must stand. *Connecticut Mortgage & Title Guaranty Co.* v. *DiFrancesco*, 112 Conn. 673, 674, 151 Atl. 491; *McCulloch* v. *Pittsburgh Plate Glass Co.*, 107 Conn. 164, 167, 140 Atl. 114. We cannot find any ground upon which to hold that the trial court erred in its ruling.

We have no occasion to consider the question, not raised by the appellee, whether an appeal lies from a ruling of a trial court refusing to open a judgment in such a case as this.

There is no error.

In this opinion the other judges concurred.