RAYMOND E. ALTBERG *v.* PAUL KOVACS
TIRE SHOP, INC.
(11391)

DUPONT, C. J., FOTI and LANDAU, Js.

Argued March 25—decision released June 15, 1993

*Raymond T. Connor,* for the appellant (defendant).

*Stephen L. Savarese,* for the appellee (plaintiff).

DUPONT, C. J. The sole issue in this appeal is whether the trial court improperly denied the defendant's motion to open a judgment rendered after the defendant was defaulted for failure to plead. The underlying factual dispute revolves around a used truck that the plaintiff purchased from the defendant used car dealership. Shortly after the plaintiff purchased the truck, the truck's engine failed and the plaintiff had it towed to the defendant's garage. After the defendant refused to repair the truck at its expense, the plaintiff commenced this action. The plaintiff's complaint was in three counts and sought (1) damages for breach of a statutory warranty,[1] (2) rescission of the sale, and

---

[1] This claim is based on a breach of the statutory warranty created by the provisions of the Used Automobiles Warranties Act, General Statutes §§ 42-220 through 42-226. General Statutes § 42-221 (b) provides in pertinent part: "Each contract entered into by a dealer for the sale of a used motor vehicle which has a cash purchase price of five thousand dollars or more shall include an express warranty, covering the full cost of both parts and labor, that the vehicle is mechanically operational and sound and will

(3) damages for a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes §§ 42-110a through 42-110q.

The defendant filed an appearance, but did not file an answer. The plaintiff subsequently moved to default the defendant for failure to plead. After the plaintiff's motion was granted, the plaintiff filed a motion for judgment. The motion for judgment stated that the plaintiff was "moving for judgment pursuant to Practice Book § 358[2] based upon the express or implied promise to pay a definite sum and claims only liquidated damages." The motion requested judgment against the defendant "in the amount of $35,733.76,[3] plus interest, and costs in the amount of $161.80." The plaintiff's motion for judgment is at variance with the "Statement re: Amount in Demand" attached to the plaintiff's complaint in two material respects. The former claimed damages in excess of $15,000 and sought a remedy based on an express or implied promise to pay a definite sum, whereas the latter claimed damages under $15,000 and stated "[t]he remedy sought is *not* based upon an express or implied promise to pay a definite sum." (Emphasis added.)

The motion for judgment was accompanied by an affidavit of debt signed and acknowledged by the plain-

---

remain so for at least sixty days or three thousand miles of operation, whichever period ends first, in the absence of damage resulting from an automobile accident or from misuse of the vehicle by the consumer. A dealer may not limit a warranty covered by this section by the use of such phrases as 'fifty-fifty', 'labor only', 'drive train only', or other words attempting to disclaim his responsibility."

It is undisputed that the plaintiff owned the truck for less than sixty days and had driven it less than 3000 miles when the vehicle's engine failed.

[2] Practice Book § 358 provides for judgments after default for failure to *appear* in contract actions.

[3] This sum was based, in part, on the plaintiff's claim that CUTPA authorized treble damages. Although CUTPA provides for punitive damages, it does not expressly provide for treble damages. General Statutes § 42-110g (a).

tiff, a copy of the purchase agreement and vehicle registration, a military affidavit, a bill of costs, and a proposed form of judgment and notice. The plaintiff's affidavit alleged that he had purchased the truck for $8649 and that he had spent $378 for improvements to the truck, $300 for insurance, $1036.42 for interest on a loan of $8375 to buy the truck, and $714.50 for alternate transportation. No bills were attached to the affidavit to substantiate any of the sums allegedly paid.

The plaintiff's motion for judgment was assigned for a short calendar hearing on December 16, 1991, but neither the defendant nor its attorney appeared. The court, *West, J.*, heard argument from the plaintiff's counsel, and on December 19, 1991, rendered judgment "on the papers" in favor of the plaintiff for damages of $10,041.50[4] plus interest at the legal rate of $1042.77, plus costs of $161.80. The court specifically stated that it did not award punitive damages or attorney's fees. The notice of this judgment was mailed to the defendant on January 16, 1992.

The defendant attempted to file an answer to the complaint on December 31, 1991, but the pleading was returned on January 16, 1992, accompanied by the notice of judgment and a form letter stating that no pleadings are accepted after judgment enters and that the defendant should file a motion to open the judgment. The defendant did not file an appeal from the judgment or file a motion to open the judgment within the appeal period.

After the appeal period had expired, the plaintiff was granted a bank execution by the court. The sheriff served the execution on the defendant's bank and was

---

[4] This sum is the total of the purchase price of the truck, the cost of improvements made to it before it became inoperable, the cost of alternate transportation after it became inoperable, and the cost of insurance on the truck.

able to satisfy the judgment partially by recovering $10,670.48 from the defendant's account.[5] The defendant then retained new counsel and filed a motion to open the judgment on March 3, 1992. At the hearing on the motion to open the judgment, the defendant argued that it had a good defense, namely that a hearing in damages should have been held because the complaint did not seek a liquidated sum, and that he was prevented by mistake, accident or reasonable cause from making that defense.[6] The motion was denied by the court, *Rodriguez, J.*, and the defendant appeals from that denial.

After filing the appeal, the defendant moved for an articulation of the trial court's decision to deny its motion to open. In its articulation, the trial court stated that it denied the defendant's motion to open because it had concluded that the defendant had failed to show that it was precluded by mistake, accident or reasonable cause from defending. The court found that the

---

[5] At the time of the execution, the judgment was valid. See *Mulholland* v. *Mulholland*, 31 Conn. App. 214, 220, 624 A.2d 379 (1993).

[6] Practice Book § 377, which mirrors General Statutes § 52-212, provides: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which it was rendered or passed, and the case reinstated on the docket on such terms in respect to costs as the court deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. The court shall order reasonable notice of the pendency of such written motion to be given to the adverse party, and may enjoin him against enforcing such judgment or decree until the decision upon such written motion.

"If the court opens a nonsuit entered pursuant to Sec. 363, the court as part of its order may extend the time for filing pleadings or disclosure."

affidavit of the defendant's original counsel, stating that a search of his office did not reveal a copy of the motion for judgment or of the short calendar docket on which the motion had appeared, did not support a claim of insufficient notice. The court also noted that the denial of a motion to open a judgment is not an abuse of discretion where the failure to prosecute the claim was the result of negligence. The court, therefore, did not reach the question of the propriety of a hearing in damages.

The defendant's preliminary statement of issues asserted that the court improperly granted the plaintiff's motion for judgment after default without holding a hearing in damages, and improperly denied its motion to open the judgment. The plaintiff moved to dismiss the appeal, arguing that the defendant had failed to file its appeal within twenty days of the issuance of notice of the judgment, and, therefore, could not claim any impropriety in the judgment. We granted the plaintiff's motion as to any issues concerning the December, 1991 judgment, and upon further motion of the plaintiff, ordered a portion of the defendant's brief stricken on the basis that the defendant was attempting to argue the merits of the underlying judgment. This appeal, therefore, is limited to review of the action of the trial court in refusing to open the judgment and is not concerned with the merits of that judgment.

On appeal from a denial of a motion to open a judgment where there has been no appeal from the underlying judgment, the good cause required to open that judgment cannot involve the merits of the judgment because that would require a resolution of the same question that would have been resolved had the appellant timely appealed from the judgment and would, in effect, extend the time to appeal. See *Farmers & Mechanics Savings Bank* v. *Sullivan,* 216 Conn. 341,

356, 579 A.2d 1054 (1990). When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment.

The decision to grant or deny a motion to open a judgment is within the trial court's discretion and this decision will not be disturbed on appeal unless it was unreasonable and a clear abuse of discretion. *Red Rooster Construction Co.* v. *River Associates, Inc.,* 224 Conn. 563, 575, 620 A.2d 118 (1993). Practice Book § 377 provides in relevant part that a default judgment may be set aside by "showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment . . . and that . . . the defendant was prevented by mistake, accident or other reasonable cause from . . . appearing to make the same."

Here, the trial court's findings were not inconsistent with the subsidiary facts and its decision to deny the motion to open was not unreasonable and does not constitute an abuse of discretion. This conclusion, however, does not entirely resolve the appeal. Although the judgment of December 19, 1991, need not be set aside, we conclude that it must be corrected because it is facially inconsistent with the complaint. See *Connecticut Mortgage & Title Guaranty Co.* v. *DiFrancesco,* 112 Conn. 673, 674, 151 A. 491 (1930).

A plaintiff's right to recover has traditionally been limited to the allegations of his complaint, and a plaintiff may not allege one cause of action and recover upon another. *Tedesco* v. *Stamford,* 215 Conn. 450, 458, 576 A.2d 1273 (1990); *A. V. Giordano Co.* v. *American Diamond Exchange, Inc.,* 31 Conn. App. 163, 166, 623 A.2d 1048 (1993). Here, the plaintiff alleged three different

causes of action in his complaint, the first alleging a breach of statutory warranty, the second seeking rescission, and the third alleging a violation of CUTPA. Judgment was rendered in the amount of $10,041.50, but it cannot be ascertained whether judgment was awarded on count one, two, or three. We conclude that the amount of the damages awarded corresponds most accurately with the cause of action for rescission.

With regard to count one, General Statutes § 42-220 provides that each sales contract entered into by a used car dealer for the sale of a used motor vehicle must contain an express warranty stating that the vehicle will remain mechanically operational and sound for at least sixty days or three thousand miles of operation, whichever comes first. Thus, the plaintiff's remedy under this statute is the cost of the parts and labor to repair the truck so as to fulfill the warranty. The record indicates that cost of repair of the truck in this case would amount to approximately $2000. The judgment could not have been rendered on the basis of this count because the judgment included repayment to the plaintiff of the purchase price of the truck.

With respect to count three, CUTPA allows for the recovery of actual damages, and, within a court's discretion, punitive damages, costs and reasonable attorney's fees, and injunctive or other equitable relief. General Statutes § 42-110g. The plaintiff's actual damages in this case would amount to the cost of repairing his vehicle plus the cost of reasonable alternative transportation. Again, the court rendered a judgment that included repayment to the plaintiff of the purchase price of the truck.

The damages awarded are most like those claimed in the second count seeking rescission. "Rescission, simply stated, is the unmaking of a contract. It is a renouncement of the contract and any property

obtained pursuant to the contract, and places the parties, as nearly as possible, in the same situation as existed just prior to the execution of the contract." *Kavarco* v. *T.J.E., Inc.,* 2 Conn. App. 294, 299, 478 A.2d 257 (1984). If rescission is chosen as a remedy, it usually operates as a waiver of the right to sue for damages. *Duksa* v. *Middletown,* 192 Conn. 191, 204, 472 A.2d 1 (1984); see also *Kavarco* v. *T.J.E., Inc.,* supra, 299. Usually, a judgment cannot stand if both damages and rescission are awarded. *Duksa* v. *Middletown,* supra, 206.

The effect of the judgment in this case is that the parties were returned, as nearly as possible, to the position they were in prior to the execution of the contract for the sale and purchase of the truck. Moreover, the damages awarded for the improvements to the truck, insurance and alternate transportation simply constituted restitution for consequential expenses incurred prior to the repudiation of the contract and may properly be awarded in an action seeking rescission. *Kavarco* v. *T.J.E., Inc.,* supra, 298 n.4. The judgment failed, however, to address the ownership of the truck.

If there is a judicial action of a trial court that requires a change in a judgment because it affects justice, an appellate court should effect that change. *Simpson* v. *Y.M.C.A. of Bridgeport,* 118 Conn. 414, 172 A. 855 (1934); *Connecticut Mortgage & Title Guaranty Co.* v. *DiFrancesco,* supra. Practice Book § 375 provides in relevant part: "Upon a default, the plaintiff can have no greater relief than that demanded in his complaint . . . ." Here, the plaintiff obtained more relief than that demanded in his complaint. Under the terms of the judgment, the plaintiff obtained the money damages needed to place him in the legal position rescission requires, and retained ownership of the truck as well. The judgment, therefore, must be corrected.

The judgment is reversed and the case is remanded with direction to render judgment as on file except as modified to direct the plaintiff to transfer title to the truck, VIN 3B4GW12T4GM623264, to the defendant.

In this opinion the other judges concurred.