## SUSAN CHARBONNEAU *v.* DAVID CHARBONNEAU, SR.
### (AC 17885)

O'Connell, C. J., and Foti and Dupont, Js.

Submitted on briefs October 29—officially released December 22, 1998

*Claudia S. Weiss* filed a brief for the appellant (defendant).

*Ralph U. Bergman* filed a brief for the appellee (plaintiff).

*Opinion*

PER CURIAM. The sole issue in this appeal is whether the trial court improperly denied the defendant's motion to open a judgment rendered after the defendant was defaulted for failing to appear. We conclude that it did not and affirm the judgment of the trial court.

On July 18, 1997, a default judgment was rendered in this marital dissolution action dissolving the marriage of the plaintiff and defendant, awarding $1 per year in alimony to the plaintiff and ordering the marital home transferred to the plaintiff by judicial decree. The trial

court also issued a restraining order against the defendant. On September 17, 1997, pursuant to General Statutes § 52-212,[1] the defendant filed a motion to open the judgment.

The defendant's claim before the trial court was that he was not served process and that the sheriff had, instead, served the wrong person. Following a hearing, the trial court found that although the defendant was not actually served at his usual place of abode, a neighbor had delivered a copy of the writ, summons and complaint to him after the neighbor had been given the papers by the sheriff. The trial court also noted that the defendant had admitted to having possession of the papers at one point before "losing them." The trial court determined, therefore, that "the defendant had actual notice of the pendency of the dissolution action." In reaching that conclusion, the trial court did not credit the defendant's testimony that he was unaware of the action and concluded "that the defendant [had] not met his burden of proving that he 'was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.' General Statutes § 52-212."

In this case, the defendant did not file his motion to open or an appeal from the underlying judgment within the twenty day appeal period. See Practice Book § 63-1, formerly § 4009. The defendant's appeal from the denial of his motion to open, therefore, "can test only

---

[1] General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment." *Altberg* v. *Paul Kovacs Tire Shop, Inc.*, 31 Conn. App. 634, 640, 626 A.2d 804 (1993).

"The decision to grant or deny a motion to open a judgment is within the trial court's discretion and this decision will not be disturbed on appeal unless it was unreasonable and a clear abuse of discretion." Id., 640. Practice Book § 17-43, formerly § 377, provides that a default judgment may be set aside by "showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment . . . and that . . . the defendant was prevented by mistake, accident or other reasonable cause from . . . appearing to make the same. . . ." See also General Statutes § 52-212.

Our review of the record leads us to conclude that the trial court's findings were not unreasonable. "In determining whether the trial court abused its discretion, [we] must make every reasonable presumption in favor of its action." (Internal quotation marks omitted.) *Walton* v. *New Hartford*, 223 Conn. 155, 169, 612 A.2d 1153 (1992). We conclude that the defendant failed to sustain his burden of demonstrating that the trial court abused its discretion in denying his motion to open.

The judgment is affirmed.