WILLIAM E. WILDIN *v.* FREEDOM OF INFORMATION COMMISSION ET AL.
(AC 18603)

Foti, Spear and Vertefeuille, Js.

Argued October 19, 1999—officially released February 15, 2000

*Francis J. Collins*, for the appellants (defendant Arthur J. Peitler et al.).

*William E. Wildin*, pro se, the appellee (plaintiff).

*Opinion*

SPEAR, J. The defendants[1] appeal from the trial court's judgment overruling the determination by the freedom of information commission (commission) that the plaintiff, William E. Wildin, was not entitled to certain records that he requested from the defendants. The defendants claim that the trial court improperly substituted its judgment for that of the commission. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On September 23, 1996, the plaintiff requested that the defendants provide him with numerous records, including "[a]ll correspondence/communications to or from the Mayor (and the Mayor's office including staff and Town Council) to or from the Town Attorney (including the Town Attorney's legal firm),

---

[1] The defendants are the mayor of the town of New Milford, Arthur J. Peitler; the administrative aide to the mayor, Patrick Maguire; the town attorney, Thomas Beecher; and the freedom of information commission. The freedom of information commission did not join in this appeal. We refer in this opinion to the municipal officials as the defendants.

from January 1, 1996 to the present."[2] The defendants complied with most of the plaintiff's requests but did not furnish all of the records.

The plaintiff appealed to the commission to obtain the unfurnished records, alleging that the defendants violated the Freedom of Information Act (act), General Statutes (Rev. to 1997) § 1-19.[3] The commission found that the records that the plaintiff had requested were "located in at least fifty, and perhaps over a hundred, different files organized on a subject matter basis." The commission then concluded that the plaintiff was not entitled to the unfurnished records because providing those records would require the defendants to conduct research, which it is not obligated to do under the act. The plaintiff appealed from the commission's decision to the trial court and the court sustained the appeal. The defendants have appealed from the trial court's decision.

The defendants contend that the trial court improperly substituted its judgment for that of the commission. Specifically, the defendants contend that the trial court improperly overruled the commission's decision when the court determined that the plaintiff's records request, made pursuant to § 1-19, does not require the defendants to conduct research. We disagree.

We first note our standard of review of the defendants' claim on appeal. We review the question as one

[2] The plaintiff also requested that the defendants provide him with (1) "All legal opinions received from the Town Attorney and/or his legal firm from January 1, 1996 to the present" and (2) "All invoices . . . received from the Town Attorney and his legal firm from January 1, 1996 to the present." The defendants complied with those requests.

[3] General Statutes (Rev. to 1997) § 1-19 (a) provides in relevant part: "[A]ll records maintained or kept on file by any public agency . . . shall be public records and every person shall have the right to inspect such records . . . or to receive a copy of such records . . . ." Section 1-19 was transferred to General Statutes § 1-210 in 1999.

of law because the trial court was required to determine whether the request, on its face, requires the defendants to conduct research.[4]

"Cases that present pure questions of law . . . invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . Furthermore, when a state agency's determination of a question of law has not previously been subject to judicial scrutiny . . . the agency is not entitled to special deference. . . . [I]t is for the courts, and not administrative agencies, to expound and apply governing principles of law. . . . *Connecticut Light & Power Co.* v. *Texas-Ohio Power, Inc.,* 243 Conn. 635, 642–43, 708 A.2d 202 (1998). . . . *Connecticut Assn. of Not-for-Profit Providers for the Aging* v. *Dept. of Social Services,* 244 Conn. 378, 389, 709 A.2d 1116 (1998)." (Internal quotation marks omitted.) *Bezzini* v. *Dept. of Social Services,* 49 Conn. App. 432, 436, 715 A.2d 791 (1998).

We now turn to the issue of whether the plaintiff's request for records requires the defendants to conduct research. We conclude that it does not. The trial court noted that "research" is not defined by the commission in its decisions. Webster's Third New International Dictionary, however, defines research as a "careful or diligent search: a close searching . . . studious inquiry or examination . . . ." Here, the plaintiff had specifically identified the records he sought and there was no analysis required to search for the records. More importantly, the plaintiff's request did not require the defendants to

[4] The trial court did not address the propriety of the commission's determination that there is no right under the act to make a request requiring research because none of the parties challenged that aspect of the commission's decision. For purposes of this case we assume, without deciding, that the commission's determination in this respect is correct.

exercise discretion as to whether the records fell within the plaintiff's request.[5]

The defendants further claim that because the requested records were contained in so many files, the plaintiff's request requires research. We disagree. A record request that is simply burdensome does not make that request one requiring research. Further, as the trial court noted, while the plaintiff's request imposed a burden on the defendants, the commission "did not disallow the request on the ground that it was unreasonably burdensome. . . . Instead, it character-ized this request as one requiring research and dis-missed the complaint on that basis." (Citation omitted.)

The defendants finally claim that reviewing the records to determine if they are exempt from disclosure constitutes research. We are unpersuaded. As the trial court correctly stated, "[a]ny request for public records would require the agency to review those documents to determine if they fall within an exemption from dis-closure." We, therefore, conclude that the trial court properly determined that the plaintiff's request did not require the defendants to conduct research for them to comply with the request.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] The defendants could determine whether a record came within the plain-tiff's request by determining the date of the document, the recipient and the author.