## CONNECTICUT SAVINGS BANK *v.* ROBERT S. OBENAUF ET AL.
## (AC 19442)

Foti, Mihalakos and Spallone, Js.

Argued May 5—officially released August 15, 2000

*Richard P. Weinstein*, with whom was *Nathan A. Schatz*, for the appellant (defendant Ardeth H. Obenauf).

*Robert W. Allen,* for the appellee (substitute plaintiff).

*Opinion*

SPALLONE, J. The defendant Ardeth H. Obenauf[1] appeals following the trial court's denial of her motion to open and set aside the money judgment rendered in favor of the substitute plaintiff, Federal Deposit Insurance Corporation, as receiver of the plaintiff Connecticut Savings Bank.[2] On appeal, the defendant claims that the court improperly held her liable on a promissory note to which she was not a party. We reverse the judgment of the trial court and remand the matter with direction to grant the defendant's motion.

The following facts are relevant to a resolution of this appeal. In September, 1990, Connecticut Savings Bank filed a two count complaint against the defendant and her husband, Ronald S. Obenauf, who is not a party to this appeal. Count one alleged that Ronald S. Obenauf was in default on a promissory note. Count two alleged that Ronald S. Obenauf fraudulently conveyed real property to the defendant. On December 18, 1991, after the defendant and Ronald S. Obenauf were defaulted for failure to disclose a defense, the court rendered judgment against them. The judgment entitled the plaintiff to recover from both defendants damages in the amount of the debt, $41,175.75, plus costs taxed in the amount of $629.50.

On December 10, 1998, citing equitable considerations, the defendant filed a motion to open and set aside the December 18, 1991 money judgment against her. The parties also filed a stipulation that (1) at the time

---

[1] The other defendant in this action is Robert S. Obenauf. Only Ardeth H. Obenauf has appealed. We refer in this opinion to Ardeth H. Obenauf as the defendant.

[2] Subsequent to the entry of judgment, Remington Investments, Inc., a successor in interest to Federal Deposit Insurance Corporation, was substituted as the plaintiff. We refer to Remington Investments, Inc., as the plaintiff.

the judgment was rendered, no evidence had been presented to the court as to the value of the property conveyed in the alleged fraudulent transfer, (2) at the time the judgment was rendered, no evidence had been presented to the court that the defendant had received any moneys as a result of the allegedly fraudulent conveyance or from any disposal of her interest in the property, and (3) no evidence had been presented to the court that the defendant had received any money as a result of the foreclosure of the property by a judgment of strict foreclosure.

On February 22, 1999, the court denied the defendant's motion to open and set aside the judgment. The court reasoned that the defendant had not alleged facts tending to show that the judgment was the result of fraud, accident, mistake or clerical error, and that the defendant improperly based her argument on case law developed several years after the date of the judgment.

Thereafter, on March 5, 1999, the defendant filed a motion for reargument, reconsideration or both. On March 8, 1999, the court granted reconsideration for the sole purpose of accepting and reviewing the parties' stipulation and the defendant's supporting affidavit. The court denied the defendant's request for reargument, however, and determined that its prior order denying the motion to open would remain in effect. This appeal followed.

The defendant claims that the court improperly denied her motion to open and set aside the money judgment because she was never alleged to be, nor ever was, a party to the promissory note. She argues that the effect of the judgment was to impose liability against her for a debt that the plaintiff did not claim to be her responsibility. She contends that she merely was the transferee of the allegedly fraudulent conveyance and that count two of the complaint never alleged that she

had disposed of the property or otherwise obtained any proceeds from disposal of the property. Citing *Crepeau* v. *Gronager*, 41 Conn. App. 302, 313–17, 675 A.2d 1361 (1996), the defendant claims that neither the pleadings, the evidence nor the applicable law supports the judgment against her.

The plaintiff responds that the defendant provides no evidence that the judgment was obtained by fraud, accident, mistake or clerical error. The plaintiff also responds that the defendant merely asserts that the court made a mistake of law. The plaintiff contends that legal error is not a mistake that would permit the opening and setting aside of a judgment, and that the defendant improperly attempts to reargue the merits of the original judgment.

We initially observe that the defendant did not appeal from the original judgment or file her motion to open and to set it aside within the twenty day appeal period. See Practice Book § 63-1 (a). "When a motion to open is filed more than twenty days after the judgment, the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment.

"The decision to grant or deny a motion to open a judgment is within the trial court's discretion and this decision will not be disturbed on appeal unless it was unreasonable and a clear abuse of discretion." *Altberg* v. *Paul Kovacs Tire Shop, Inc.*, 31 Conn. App. 634, 640, 626 A.2d 804 (1993).

In the present case, the defendant's claim goes to the merits of the judgment, specifically, to the defendant's liability for damages in excess of $41,000. This fact ordinarily would require that we decline to review the claim. See *Tiber Holding Corp.* v. *Greenberg*, 36 Conn. App. 670, 671–72, 652 A.2d 1063 (1995) (where all claims

on appeal relate to merits of underlying judgment, review declined and appeal dismissed). We nonetheless conclude that the judgment must be corrected on the basis of equitable considerations because the relief granted was facially inconsistent with the complaint. See *Altberg* v. *Paul Kovacs Tire Shop, Inc.*, supra, 31 Conn. App. 640 (where court on appeal found that trial court's denial of motion to open was not unreasonable and did not constitute abuse of discretion, underlying judgment ordered corrected because relief granted was facially inconsistent with complaint); see also Practice Book § 17-41 ("[u]pon a default, the plaintiff can have no greater relief than that demanded in the complaint").

"[C]ommon law principles do not authorize a general creditor to pursue the transferee in a fraudulent conveyance action for anything other than the specific property transferred or the proceeds thereof." (Internal quotation marks omitted.) *Crepeau* v. *Gronager*, supra, 41 Conn. App. 314–15, quoting *Derderian* v. *Derderian*, 3 Conn. App. 522, 529, 490 A.2d 1008, cert. denied, 196 Conn. 810, 811, 495 A.2d 279 (1985); see also *Austin* v. *Barrows*, 41 Conn. 287, 299 (1874); *Smith* v. *Blake*, 1 Day (Conn.) 258, 262 (1804). In denying the defendant's motion to open, the court stated that the defendant had improperly based her argument on case law developed several years after the judgment was rendered. The court, however, overlooked the fact that *Crepeau*, on which the defendant relied, cited our holding in *Derderian*, which was decided more than ten years earlier. See *Crepeau* v. *Gronager*, supra, 315. Accordingly, under Connecticut law at the time the judgment was rendered, a successful claim of fraudulent conveyance could not result in a judgment of liability against the transferee, joint and several or otherwise, on the underlying debt obligations owed by the transferor. See *Derderian* v. *Derderian*, supra, 529. We conclude, therefore, that the award was inconsistent with the complaint and that

the court incorrectly rendered judgment against the defendant for money damages. See Practice Book § 17-41.

The plaintiff claims that the defendant's motion to open and set aside the judgment was properly denied because it was not filed within four months following the date on which the judgment was rendered, as required under General Statutes § 52-212a. The defendant replies that adherence to the statutory requirement does not comport with modern notions of equity jurisprudence applicable in the present circumstances.

General Statutes § 52-212a provides in relevant part: "[A] civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."[3] Where, however, "there is a judicial action of a trial court that requires a change in a judgment because it affects justice, an appellate court should effect that change." *Altberg* v. *Paul Kovacs Tire Shop, Inc.*, supra, 31 Conn. App. 642, citing *Simpson* v. *Y.M.C.A. of Bridgeport*, 118 Conn. 414, 418, 172 A. 855 (1934); *Connecticut Mortgage & Title Guaranty Co.* v. *DiFrancesco*, 112 Conn. 673, 674, 151 A. 491 (1930). "It is an abiding principle of jurisprudence that common sense does not take flight when one enters a courtroom." (Internal quotation marks omitted.) *OCI Mortgage Corp.* v. *Marchese*, 56 Conn. App. 668, 682, 745 A.2d 819, cert. granted on other grounds, 253 Conn. 903, 753 A.2d 937 (2000). Although the defendant " 'slept on [her]

---

[3] See also Practice Book § 17-4 (a), which provides: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. The parties may waive the provisions of this subsection or otherwise submit to the jurisdiction of the court."

rights' for a perilously long period of time"; *Cohen* v. *MBA Financial Corp.*, Superior Court, judicial district of New Haven at New Haven, Docket No. 379585 (July 2, 1999) (25 Conn. L. Rptr. 3, 5); the record demonstrates quite clearly that the defendant seeks to correct an injustice in the original judgment that was contrary to existing law. See *Derderian* v. *Derderian*, supra, 3 Conn. App. 529.

In *Cohen* v. *MBA Financial Corp.*, supra, 25 Conn. L. Rptr. 3, the plaintiff obtained a judgment of more than $56,000 against an individual defendant and a corporate defendant, despite allegations that the individual defendant was liable for only $1500. In granting the individual defendant's subsequent motion to open the judgment against him because it was excessive, the court held that "[t]he entry of a judgment against the individual defendant in an amount far in excess of that alleged in the complaint was a mistake that equity must be allowed to address." Id., 5.

Here, the court's judgment against the defendant also was the result of judicial error. Under the facts stipulated to by the parties, the defendant received no gain, financial or otherwise, by the transferor's act, and we conclude that she should not in law or in equity be forced to pay a debt for which she was not liable. Moreover, the record is devoid of evidence that the defendant knowingly participated in the transfer. To allow the plaintiff to benefit from a judgment against the defendant in excess of $41,000 that was contrary to law at the time of its rendition "shocks the judicial conscience"; *OCI Mortgage Corp.* v. *Marchese*, supra, 56 Conn. App. 683; see *Atwood* v. *Vincent*, 17 Conn. 575, 582 (1846); and violates the principles of equity that govern our application of the law. The court's denial of the defendant's motion to open and set aside the money judgment perpetuated this injustice.

The judgment is reversed and the case is remanded with direction to grant the motion to open and set aside the money judgment against the defendant.

In this opinion the other judges concurred.

