[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal by the plaintiffs[1] from an October 24, 2001 final decision of the defendant, Freedom of Information Commission ("the commission"), ordering the plaintiffs to produce copies of records requested by the complainant, Holly J. Blinkoff. This appeal is authorized under General Statutes §§ 1-206 (d) and 4-183 of the Uniform Administrative Procedure Act ("UAPA"). CT Page 3670
The final decision sets forth the following relevant factual background and legal determinations of the commission:
 2. [O]n or about October 20, 2000, the complainant submitted written requests for copies of records to [the plaintiffs]. . . .
 3. [T]he complainant inquired about her requests at the . . . clerk's office and was informed by the city clerk that all of her requests had been picked up at each department by the city attorney and that the attorney advised each department that the City of Torrington would appeal the requests. It is further found that the complainant made inquiries about her requests at other departments and was informed that, pursuant to instructions from the . . . [mayor] and the city attorney, her requests would not be complied with and that she should direct her inquiries to the city attorney.
 4. Having been informed that her October 20, 2000, requests would not be honored, the complainant appealed to [the] Commission by letter dated November 11, 2000 and filed on November 13, 2000, alleging that all of the [plaintiffs] violated the Freedom of Information (hereinafter "FOI") Act by failing to respond to or comply with her requests.
 * * * 7. It is found that to the extent records exist that are responsive to the complainant's requests, such records are public records within the meaning of § 1-210 (a), G.S.
 * * * 10. It is found that up to and including the date of the hearing on this matter, none of the [plaintiffs] . . . provided the complainant with copies of the requested records.
11. It is also found that the complainant's requests were collected by the city attorney for the City of Torrington and that each of the [plaintiffs] were CT Page 3671 directed by either the city attorney or the . . . mayor not to comply with the complainant's requests.
 12. It is further found that upon receipt of the complainant's requests, some of the [plaintiffs], specifically the . . . comptroller and the . . . fire marshal, had compiled or had started to compile the responsive records and were willing to provide such records to the complainant but did not do so after receiving the directive of the . . . mayor and the city attorney.
 13. At the hearing on this matter, the [plaintiffs] made no claim that any of the requested records are exempt from the disclosure provisions of the FOI Act. Rather, the [plaintiffs] maintained that the complainant submitted her requests . . . for the purpose of harassing the [plaintiffs]. Specifically, the [plaintiffs] claimed that the complainant submits records requests, which are duplicative of earlier requests made by her and which have already been fulfilled by the [plaintiffs]. The [plaintiffs] also claimed that many of the complainant's records requests are overly broad, burdensome to fulfill, and would require research. Finally, the [plaintiffs] claimed that their failure to respond to the complainant's records requests was appropriate and that they should not be required to comply with such requests.
 * * * 15. With respect to the . . . mayor, it is found that [she] has provided some records to the complainant's attorney in the past, in connection with civil litigation that is pending between the complainant and the City of Torrington.
 16. It is further found that many of the records provided by the . . , mayor in the past are similar to or duplicative of the records requested in the complainant's October 20, 2000 request.
17. It is further found however, that some of the records requested . . . [from] the . . . mayor have not been provided to the complainant in the past. . . . CT Page 3672
 18. With respect to the . . . purchasing agent, it is found that [she] has provided numerous records to the complainant and the complainant's attorney in the past. . . .
 19. It is further found that many of the records provided by the . . . purchasing agent in the past are similar to or duplicative of the records requested in the complainant's October 20, 2000 request.
 20. It is further found that some of the records requested in the complainant's October 20, 2000 request to the . . . purchasing agent have not been provided to the complainant in the past. . . .
 21. With respect to the . . . planning and zoning department, it is found that [that office] has provided some records to the complainant in the past. . . .
 22. It is further found that some of the records provided by the . . . planning and zoning department in the past are duplicative of four of the five records requested by the complainant in her October 20, 2000 request.
 23. With respect to the . . . comptroller, it is found that the . . . comptroller has provided some records to the complainant in the past. . . .
 24. It is further found that some of the records provided by the . . . comptroller in the past are similar to or duplicative of the records requested in the complainant's October 20, 2000 request.
 25. It is further found that some of the records requested of the . . . comptroller . . . have not been provided to the complainant in the past.
 26. With respect to the . . . fire marshal and the . . . police chief, it is found that [they] provided the complainant with records in the past . . .
27. It is further found however, that the records provided by the . . . fire marshal and the . . . chief CT Page 3673 in the past are not similar to or duplicative of the records requested in the complainant's October 20, 2000 request.
 28. With respect to the complainant's October 20, 2000 requests in their entirety, it is found that nothing in the FOI Act precludes the complainant from requesting copies of records that have already been provided to her pursuant to prior requests, or to her attorney in connection with civil litigation.
 29. It is further found that some of the complainant's requests . . . are very broad and cover very lengthy periods of time.
 30. It is further found that some of the complainant's requests would be burdensome to fulfill, due to the volume of records requested and the location and organization of the files containing responsive records.
 * * * 32. Although the Commission appreciates that compliance with some of the complainant's requests would be time consuming for the reasons found in paragraph 29 and 30, above, it is found that compliance with such requests would not require research. . . . Rather, compliance with some of the complainant's requests would require a lengthy and thorough search of some of the various . . . files. . . .
 33. It is further found that many of the records responsive to the complainant's October 20, 2000 requests are readily available to the [plaintiffs] and would not require an extensive and thorough search.
34. Further, it is found that the [plaintiffs] made no attempt in those instances described in paragraphs 29 and 20, above, or in those instances in which the complainant had previously received similar or duplicative records to contact the complainant to ascertain whether she could narrow the scope of her requests or revise such requests. CT Page 3674
 * * * 41. It is further found that there is nothing in the nature, content, language or subject matter of the complainant's October 20, 2000 requests or her appeal to the Commission to suggest that the complainant . . . is harassing the [plaintiffs].
 42. It is further found that the complainant appears to genuinely be confused as to which records she previously requested and received from the [plaintiffs].
 * * * 44. Therefore, it is further found that the [plaintiffs] failed to prove that the complainant's appeal to this Commission . . . was taken frivolously, without reasonable grounds and solely for the purpose of harassing the [plaintiffs], within the meaning of § 1-206 (b)(2), G.S. . . .
 45. It is further found that even if the [plaintiffs] believed that the complainant's requests were submitted to harass the [plaintiffs], the [plaintiffs] still had an obligation under § 1-206 (a), G.S., to respond to the complainant's request promptly.
(Return of Record ("ROR"), Item 37, 244-49.)
The commission found that the plaintiffs had violated the provisions of the Freedom of Information Act ("FOIA") by failing to respond to and comply with Ms. Blinkoff's requests promptly and entered the following orders, relevant to this administrative appeal:
 2. With respect to the complainant's October 20, 2000 requests, each [plaintiff] shall provide the complainant with copies of the requested records maintained by that [plaintiff], along with a written inventory detailing which records have been provided and which records are not maintained by that [plaintiff]. . . .
3. To assist the [plaintiffs] in complying with paragraph 2 of the order, above, the complainant is directed to inform the [plaintiffs], in writing, of CT Page 3675 the applicable time periods for the records sought where not specified in her October 20, 2000 requests. . . .
 4. Although the Commission concludes in this case that the complainant's appeal to this Commission was not filed frivolously, within the reasonable grounds and solely for the purpose of harassing the [plaintiffs], within the meaning of § 1-206 (b)(2), G.S., the Commission urges the complainant to take greater care to note the records she has previously requested and received, and to limit the scope of her requests to those records she actually seeks, in order to avoid the expense of unnecessary duplicative requests and a colorable claim of harassment against her.
 5. The Commission notes that a number of the [plaintiffs] had been in the process of complying with the complainant's requests when they were instructed not to do so by the . . . mayor and the corporation counsel. This decision by the . . . mayor and the corporation counsel was based on an imprecise, general theory of harassment, that was much broader than the legal standard explicitly set forth in § 1-206 (b)(2), G.S., and led to the violations found above. Rather than ordering that the complainant's requests be ignored, they should have sought to address their specific concerns about the scope of, and duplication in, the complainant's requests directly with her. . . . Ignoring a request for public records is simply not acceptable.
(ROR, Item 37, p. 250.)
The plaintiffs have appealed from the commission's decision on the ground that Ms. Blinkoff's requests were unreasonably burdensome. SeeWildin v. FOIC, 56 Conn. App. 683, 687 (2000). Since the plaintiffs have been ordered to comply with the provisions of FOIA, aggrievement is found. State Library v. Freedom of Information Commission, 240 Conn. 824,834 (1997).
The court reviews the issues raised by the plaintiff in accordance with the limited scope of judicial review afforded by the UAPA. Dolgner v.Alander, 237 Conn. 272, 280 (1996). "The scope of permissible review is governed by § 4-183 (j)[2] and is very restricted. . . . [T]he trial court may [not] retry the case or substitute its own judgment for that of CT Page 3676 the defendant. . . . The conclusion reached by the defendant must be upheld if it is legally supported by the evidence. . . . The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency, and, if there is evidence . . . which reasonably supports the decision of the commissioner, we cannot disturb the conclusion reached by him. . . . Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its orders, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . ." (Citations omitted; internal quotation marks omitted.) Domestic Violence Services of Greater New Haven, Inc.v. FOIC, 47 Conn. App. 466, 469-70 (1998).
The first issue raised by the plaintiffs is that, as the commission found that Ms. Blinkoff had made similar or duplicate requests to some or all of the plaintiffs in the past (see, ROR, Item 37, pp. 246-47, ¶¶ 16, 19, 22), the commission erred in ordering these documents to be produced again. They claim that FOIA disallows repeated requests. The plaintiffs' position has some support under the Federal FOIA in the case of Allnut v. United States Department of Justice, 99 F. Sup.2d 673, 678
(D.Md. 2000), stating that an agency does not have to provide the same documents produced in response to an earlier freedom of information request.[3]
Connecticut law has not adopted the Allnut dictum as a matter of law, but leaves the issue of duplicate requests to the factual determination of the commission, in the context of the burden on the municipality. There is nothing in the Connecticut FOIA that bars repeating a request to a public agency. Indeed, a complainant may seek to start an appeal period over again by asking for a record again, or a complainant may have lost the document after the first request. The FOIA simply provides that "[a]ny person applying in writing shall receive, promptly upon request, a plain or certified copy of any public record." General Statutes §1-212 (a). Unless exempt, all records are public records, and "every person shall have the right . . . to receive a copy of such records in accordance with the provisions of section 1-212." General Statutes §1-210 (a). "[T]he general rule under the [FOIA] is disclosure. . . ." (Citations omitted.) Rocque v. Freedom of Information Commission,255 Conn. 651, 660 (2001).
The plaintiffs point to other cases where a prior disclosure excused the municipality from supplying a duplicative copy. These cases are controlled by their facts. In Arriola v. Windham Board of Education, FIC Docket No. 1998-215 (June 9, 1999), the complainant, on June 22, 1998, requested copies of his employment records and a few days later, "the respondent's counsel reminded the complainant that he had been given access to all existing records . . . during a meeting with the CT Page 3677 respondents' counsel on May 18, 1998. . . . [N]o other records responsive to the [complainant's] request exist." Arriola v. Windham Board ofEducation, FIC Docket No. 1998-215, p. 1, ¶ 3 (June 9, 1999). Similarly, in Olesky v. Chairman, Enfield Fourth of July Town CelebrationCommittee, FIC Docket No. 91-382 (November 23, 1992), the commission found that Olesky had received records from the respondent "and that the only records he has not promptly received are records he knows or has reason to know do not exist." Olesky v. Chairman, Enfield Fourth of JulyTown Celebration Committee, FIC Docket No. 91-382, p. 3, ¶ 20 (November 23, 1992).
Here, the record supports the orders of the commission that the Ms. Blinkoff's October 20, 2000 requests be honored, even if similar or duplicative to prior requests. As the commission notes in its brief (pp. 20-24), very little of the October 20th requests were for similar documents. Ms. Blinkoff testified that she was looking for "new information." (ROR, Item 33, p. 123.) The commission could contrast the May 4, 1998 request (ROR, Item 21, p. 45, ¶ 8) with the request of October 20th, which was limited to the last two years. It further could contrast the February 10, 2000 request with the October 20th request, as the first sought documents from 1989 to the present, while the second sought documents from January 2000 to October 2000. The May 4, 1998, the May 10, 2000, and the October 20, 2000 requests for bidders lists are not duplicative because different time periods are covered. The October 20th request asks for current bidders. (ROR, Item 9, p. 30.) Another October 20th request seeks "the file you have on myself, my company." (ROR, Item 9, p. 31.) The commission could find that this was not the same as an earlier request for "Blinkoff correspondence." Similarly, the commission could properly conclude that viewing a file more than once and then asking for a copy is not prohibited under FOIA.
The plaintiffs also argue that Blinkoff's requests were unreasonably burdensome.[4] But again their contention must be rejected on this record. The plaintiff's refer to an estimate of a lengthy search of file cabinets and jackets needed to respond to Ms. Blinkoff's request as well as the many hours persons on the staff of the plaintiffs had spent answering prior requests. In findings of fact ¶¶ 3 and 12 and in order ¶ 5, however, the commission finds that there were at least two departments that had commenced complying with Ms. Blinkoff's October 20, 2000 requests when their efforts were stopped by the mayor and the city attorney. (See also ROR, Item 33, pp. 159, 178.) The plaintiffs should not be able to make a claim of undue burden without showing some of the steps in retrieval taken to comply with a complainant's request. The plaintiffs failed to provide the commission with sufficiently detailed information on the adequacy of their search. Nation Magazine. WashingtonBureau v. United States, 71 F.3d 885, 892 (D.C. Cir. 1995). CT Page 3678
Further, there was no effort made by the plaintiffs or their staff to meet with Ms. Blinkoff to narrow her search. A representative of the police department testified at the hearing that the department made no effort to meet with Ms. Blinkoff to narrow her request. (ROR, Item 33, p. 204.) In addition, the fire marshal testified that he would have to examine multiple file drawers to respond to Ms. Blinkoff's requests for pre-1995 information. (ROR, Item 33, p. 171.) He was also asked, however, about post-i 995 information, and he admitted that part of the information was available through a computer data base. Information on blasting permits was available yearly and would make any hand search of the post-1995 files less difficult. (ROR, Item 33, p. 172.) Had this post-1995 information been offered to Ms. Blinkoff, it may have resolved the parties' dispute. At least following this procedure would have strengthened the plaintiffs' argument that the request for pre-1995 information was unreasonably burdensome. Instead, no material was turned over to Blinkoff at all.
The commission has been mindful of the difficulties raised by the scope of some of Ms Blinkoff's requests. Under order ¶ 3, the plaintiffs do not have to respond to her requests where time periods are not disclosed, until given further written information by Ms. Blinkoff. The caution directed to Ms. Blinkoff for future requests, ROR, Item 37, p. 250, ¶ 4, also sets the stage for a claim by the plaintiffs that her future request may be frivolous.
The final argument by the plaintiffs is that the commission wrongly concluded that Ms. Blinkoff's October 20th requests were not frivolous and did not justify a civil penalty under General Statutes §1-206 (b)(2). The court concludes that there is substantial evidence in the record to support the conclusions of the commission. In their brief, the plaintiffs rely on the case of Mozzochi v. Bordon, FIC Docket No. 92-216 (June 11, 1993); however, that case may be distinguished in that the complainant not only requested numerous documents but did so in an "intentionally burdensome manner," with the knowledge that he would be turned away. Ms. Blinkoff took the appropriate step in seeking the aid of the commission when her request was rejected before any significant action had been taken by the plaintiffs.
For these reasons, the plaintiffs' appeal is dismissed.
Henry S. Cohn, Judge