## VIOLA NELSON *v.* MICHELE CHARLESWORTH
## (AC 23991)

Schaller, West and DiPentima, Js.

Submitted on briefs January 23—officially released May 4, 2004

*Sheldon A. Messinger* filed a brief for the appellant (plaintiff).

*Andrew B. Goodwin* and *Larry R. Levine* filed a brief for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Viola Nelson, appeals following the trial court's granting of the motion filed by the defendant, Michele Charlesworth, to open a prior judgment that had been rendered against him. On appeal, the plaintiff claims that the court improperly opened the judgment. We affirm the trial court's order granting the defendant's motion to open.

The facts and procedural history are as follows. The action arose from a motor vehicle accident that occurred in February, 2001. The plaintiff's attorney, Sheldon A. Messinger, contacted the defendant on March 7, 2001. The defendant, in turn, advised her insurance carrier, Infinity Insurance Company (Infinity), of the plaintiff's representation. Additional communication occurred between Messinger and Infinity through September, 2001. On October 12, 2001, Messinger served the defendant with a complaint with a return date of December 11, 2001, and sent Infinity a copy of the complaint. After no response from Infinity or the defendant, the plaintiff, on January 18, 2002, filed a motion for default for failure to appear. The motion was granted on January 23, 2002. On April 3, 2002, the court awarded the plaintiff damages in the amount of $4200. On May 10, 2002, the court awarded costs, increasing the total award to $4555.

On June 7, 2002, Infinity contacted Messinger to discuss settlement. Throughout June, Messinger and Infinity engaged in settlement discussions, but failed to

reach an agreement.[1] At no time during the settlement negotiations did Messinger inform Infinity of the outstanding judgment. On August 13, 2002, Messinger sent a letter to Infinity, informing it of the judgment and the subsequently accrued interest. The defendant filed a motion to open the judgment on October 10, 2002, which was granted on February 18, 2003. The court, in its decision to open the judgment, made the terse and direct statement that "[i]n the court's view, plaintiff's counsel, under the circumstances of this case, should have disclosed to the defendant's insurer that a default judgment had entered. Equity requires that this judgment be opened and set aside. See *Connecticut Savings Bank* v. *Obenauf*, 59 Conn. App. 351, 758 A.2d 363 (2000)." This appeal followed.

## I

As a threshold issue, we must first determine whether we have jurisdiction. "Ordinarily, the granting of a motion to open a prior judgment is not a final judgment, and, therefore, not immediately appealable. . . . Our Supreme Court, however, has carved out an exception to that rule where a colorable claim is made that the trial court lacked the power to open a judgment." (Citations omitted.) *Richards* v. *Richards*, 78 Conn. App. 734, 738, 829 A.2d 60, cert. denied, 266 Conn. 922, 835 A.2d 473 (2003). The plaintiff argues that Practice Book § 17-43 presents a bar to a court seeking to open a judgment after four months, absent a mistake or fraud. The plaintiff argues that there was no mistake or fraud present. It is undisputed that the motion to open was granted beyond the four month limitation. As this is a colorable

---

[1] The defendant, in her brief, asserts that Messinger made an offer of $5000 to settle the case and that the defendant made a counteroffer of $1600. The plaintiff, in her reply brief, disputes other facts offered by the defendant, but does not dispute the offers or their amounts. Notably, if the defendant's assertion is to be credited, Messinger made an offer of $5000 when there was a $4555 judgment outstanding.

claim that the court lacked the power to open the judgment, we have jurisdiction.

## II

The plaintiff claims that the court improperly granted the motion to open the judgment. The plaintiff argues that General Statutes § 52-212a and Practice Book § 17-43 bar review of a judgment.

At the outset, we note our standard of review. "Whether proceeding under the common law or a statute, the action of a trial court in granting or refusing an application to open a judgment is, generally, within the judicial discretion of such court, and its action will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion." (Internal quotation marks omitted.) *Carr* v. *Fleet Bank*, 73 Conn. App. 593, 594, 812 A.2d 14 (2002).

General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ." Practice Book § 17-43 contains similar language. Courts have interpreted the phrase, "[u]nless otherwise provided by law," as preserving the common-law authority of a court to open a judgment after the four month period. See *In re Jonathan M.*, 255 Conn. 208, 238, 764 A.2d 739 (2001). "It is a well-established general rule that . . . a judgment rendered by the court . . . can subsequently be opened [after the four month limitation] . . . if it is shown that . . . the judgment, was obtained by fraud . . . or because of mutual mistake." (Internal quotation marks omitted.) *Celanese Fiber* v. *Pic Yarns, Inc.*, 184 Conn. 461, 466, 440 A.2d 159 (1981). The common-law reasons for opening a judgment seek to pre-

serve fairness and equity. *Kim* v. *Magnotta*, 249 Conn. 94, 109, 733 A.2d 809 (1999).

Fraud is defined as "[d]eceit, deception, artifice, or trickery operating prejudicially on the rights of another, and so intended, by inducing him to part with property or surrender some legal right. . . . Anything calculated to deceive another to his prejudice and accomplishing the purpose, whether it be an act, a word, silence, the suppression of the truth, or other device contrary to the plain rules of common honesty." (Citation omitted.) Ballentine's Law Dictionary (3d Ed. 1969). To determine whether the court properly exercised its discretion, we must determine whether the conduct of the plaintiff's attorney was fraudulent, which then would allow the court to open the judgment for equitable reasons.

Although the judgment proper was not brought about by fraud, the finality of the judgment, that is, the running of the four month period, was vitiated by fraud. On June 25, 2002, the plaintiff, through her attorney, represented to Infinity that she was interested in settling the case. Implicit in such a statement, and the settlement negotiations thereafter, was that there was still a case to be settled, i.e., that the plaintiff had not already obtained a judgment against the defendant. The implicit representations by the plaintiff's attorney that the case was still pending and that he had not obtained a judgment could be considered fraud under the definition previously set forth, which would allow the court to exercise its equitable powers.

The fraudulent behavior by the plaintiff's attorney is further illustrated by examining the time that he chose to reveal the judgment to Infinity. Damages were awarded April 3, 2002, and he unveiled the judgment on August 13, 2002. Thus, it would appear that the plaintiff's attorney engaged in sham negotiations for four months and ten days, slightly longer than the four

month deadline embodied in General Statutes § 52-212a and Practice Book § 17-43. As the plaintiff's attorney seemed willing to negotiate until just after the four month deadline, it is difficult to imagine that he was attempting to do anything other than to deceive Infinity.

That type of conduct has no place in our bar. Rule 4.1 of the Rules of Professional Conduct provides in relevant part: "In the course of representing a client a lawyer shall not knowingly . . . (1) [m]ake a false statement of material fact or law to a third person . . . ." Although the issue before us is not whether the plaintiff's attorney violated rule 4.1, we note that through his actions, he appears to have disregarded the rule. His actions contribute to the deterioration of civility and collegiality and invite the scorn of the public on the bar. It was within the court's discretion to hold that equitable considerations required that the judgment be opened.

The order granting the defendant's motion to open the judgment is affirmed.

In this opinion the other judges concurred.