## PHENOL CLAUDE *v.* JULIA CLAUDE
### (AC 33787)

DiPentima, C. J., and Beach and Bear, Js.

Argued January 22—officially released June 11, 2013

*Phenol Claude,* self-represented, the appellant (plaintiff).

*Julia Claude,* self-represented, with whom, on the brief, was *Jonathan A. Cantor,* for the appellee (defendant).

*Opinion*

PER CURIAM. In this defamation action, the plaintiff, Phenol Claude, appeals from the trial court's denial of his motion to open the judgment of nonsuit. For the reasons stated herein, we reverse the judgment of the trial court and remand the case for further proceedings.

The plaintiff initiated this action against the defendant, Julia Claude, in May, 2010. In July, 2010, the defendant moved for a nonsuit against the plaintiff for his failure to respond to interrogatories and requests for production served on him in June, 2010. On August 31, 2010, the court, *Holzberg, J.*, issued the following order on that motion: "Compliance is ordered by [October 1, 2010]. If the moving party has not received compliance by that date, it may file an additional motion for default/ nonsuit attesting to that fact and referencing this order. Upon the appearance of that additional motion on the short calendar, and absent the filing of a notice of compliance by the time of such appearance, a default/nonsuit may be granted." On October 7, 2010, the defendant filed another "motion for nonsuit re discovery" referencing the court's August 31, 2010 order. On December 13, 2010, the court, *Wiese, J.*, granted the motion for nonsuit by ordering compliance by December 31, 2010, "or nonsuit shall enter upon reclaim of motion." Thereafter, the court, *Holzberg, J.*, granted the motion for nonsuit on February 7, 2011, and rendered judgment thereon. On June 14, 2011, the plaintiff filed a motion to open the judgment of nonsuit rendered on February 7, 2011. The defendant filed an objection to the motion to open, and the court denied the motion and sustained the objection on August 1, 2011. This appeal followed.

The pertinent law governing rulings on motions to open judgments of nonsuit and the standard of review on appeal are well settled. "In ruling on a motion to open a judgment of nonsuit, the trial court must exercise sound judicial discretion, which will not be disturbed on appeal unless there was an abuse of discretion. . . . In reviewing the trial court's exercise of its discretion, we make every presumption in favor of its action." (Citation omitted.) *Biro* v. *Hill*, 231 Conn. 462, 467–68, 650 A.2d 541 (1994). "The court's denial of the plaintiff's motion to open cannot be held to be

an abuse of discretion if it appears that the plaintiff has not been prevented from prosecuting the claim by mistake, accident or other reasonable cause. . . . There also must be a showing that a good cause of action existed at the time the judgment of dismissal was rendered." (Internal quotation marks omitted.) *Langewisch* v. *New England Residential Services, Inc.*, 113 Conn. App. 290, 294, 966 A.2d 318 (2009); see also *Eremita* v. *Morello*, 111 Conn. App. 103, 105–106, 958 A.2d 779 (2008).

In denying the motion to open on August 1, 2011, the trial court issued a postcard order which simply stated, "Denied."[1] Likewise, the postcard order as to the defendant's objection to the plaintiff's motion simply stated, "Sustained." After commencing his appeal,, the plaintiff filed a motion for articulation on September 2, 2011. The trial court, *Holzberg, J.*, denied this motion on October 14, 2011. In the meantime, the plaintiff filed a notice that no memorandum of decision had been filed and, pursuant to Practice Book § 64-1 (b), the appellate clerk notified the trial court by letter dated October 4, 2011. On December 19, 2011, the plaintiff filed a motion to compel the trial court to comply with Practice Book

---

[1] It appears that the plaintiff did not file his motion to open within four months of the judgment rendered by the court. See General Statutes § 52-212a. We are mindful that "[c]ourts have interpreted the phrase [in § 52-212a], [u]nless otherwise provided by law, as preserving the common-law authority of a court to open a judgment after the four month period. . . . It is a well-established general rule that . . . a judgment rendered by the court . . . can subsequently be opened [after the four month limitation] . . . if it is shown that . . . the judgment, was obtained by fraud . . . or because of mutual mistake. . . . The common-law reasons for opening a judgment seek to preserve fairness and equity." (Citations omitted; internal quotation marks omitted.) *Nelson* v. *Charlesworth*, 82 Conn. App. 710, 713–14, 846 A.2d 923 (2004).

In the present case, the record is unclear as to whether the plaintiff relied on one of the common-law reasons to open the judgment. Nor can we do anything but speculate as to whether the reason for the court's denial of the plaintiff's motion was that it appears to have been filed outside of the four month time period of § 52-212a.

§ 64-1,[2] and, on February 2, 2012, this court issued the following order: "[G]ranted to the extent that the trial court, *Holzberg, J.*, is ordered to file a memorandum of decision or a signed transcript of the oral decision setting forth the factual and legal basis for its August 1, 2011 decisions upon the plaintiff's motion to open nonsuit judgment and the defendant's objection thereto." The plaintiff filed a number of motions thereafter with this court related to the failure of the trial court to issue a memorandum of decision. The trial court, *Holzberg, J.*, did not file a memorandum of decision before retiring from the bench in September, 2012.

Without either a memorandum of decision or any articulation of the basis of its ruling from the trial court, this court is unable to determine the factual or legal basis for the denial of the motion to open the judgment of nonsuit. "Our role is not to guess at possibilities . . . but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the appellant's claims] would be entirely speculative." (Internal

---

[2] Practice Book § 64-1 (a) provides: "The court shall state its decision either orally or in writing, in all of the following: (1) in rendering judgments in trials to the court in civil and criminal matters, including rulings regarding motions for stay of executions, (2) in ruling on aggravating and mitigating factors in capital penalty hearings conducted to the court, (3) in ruling on motions to dismiss under Section 41-8, (4) in ruling on motions to suppress under Section 41-12, (5) in granting a motion to set aside a verdict under Section 16-35, and (6) in making any other rulings that constitute a final judgment for purposes of appeal under Section 61-1, including those that do not terminate the proceedings. The court's decision shall encompass its conclusion as to each claim of law raised by the parties and the factual basis therefor. If oral, the decision shall be recorded by a court reporter and, if there is an appeal, the trial court shall create a memorandum of decision for use in the appeal by ordering a transcript of the portion of the proceedings in which it stated its oral decision. The transcript of the decision shall be signed by the trial judge and filed in the trial court clerk's office. This section does not apply in small claims actions and to matters listed in Section 64-2."

quotation marks omitted.) *Priest* v. *Edmonds*, 295 Conn. 132, 138, 989 A.2d 588 (2010). Although it is the plaintiff's burden to provide this court with an adequate record, in this case the plaintiff cannot be faulted for the trial court's failure to file a memorandum of decision in compliance with Practice Book § 64-1.

The plaintiff properly filed a notice pursuant to Practice Book § 64-1 (b), but thereafter no memorandum of decision was filed by the trial court.[3] Then, in response to the plaintiff's motion to compel filed in this court, we issued an order requiring compliance with Practice Book § 64-1. See *Citicorp Mortgage, Inc.* v. *Weinstein*, 52 Conn. App. 348, 350 n.2, 727 A.2d 720 (1999) ("[i]n the event that the trial court fails to perform its mandated duty, the appellant must file a motion with this court under either Practice Book § 4183 [1] [now § 60-2 (1)] seeking an order to compel the trial court to file a memorandum, or Practice Book § 4051 [now § 66–5], seeking an articulation" [internal quotation marks omitted]). That compliance never occurred. Because the trial judge has retired, further orders to set forth the factual and legal basis of the denial of the motion to open are futile. Due to the unique circumstances of this case, particularly the plaintiff's compliance with our rules of practice and the specific timing of the departure of the trial judge from the bench, we conclude that the denial of the plaintiff's motion to open cannot stand.

The judgment is reversed and the case is remanded for a new hearing on the plaintiff's motion to open the judgment of nonsuit.

[3] Practice Book § 64-1 (b) provides: "If the trial judge fails to file a memorandum of decision or sign a transcript of the oral decision in any case covered by subsection (a), the appellant may file with the appellate clerk an original and three copies of a notice that the decision has not been filed in compliance with subsection (a). The notice shall specify the trial judge involved and the date of the ruling for which no memorandum of decision was filed. The appellate clerk shall promptly notify the trial judge of the filing of the appeal and the notice. The trial judge shall thereafter comply with subsection (a)."