******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RICKY A. MORNEAU *v.* STATE
OF CONNECTICUT ET AL.
(AC 35594)

Gruendel, Lavine and Sheldon, Js.

*Argued December 5, 2013—officially released February 4, 2014*

(Appeal from Superior Court, judicial district of New
Britain, Pittman, J. [motions to cite in, to dismiss;
judgment]; Wiese, J. [motion to open].)

*Ricky A. Morneau*, self-represented, the appellant
(plaintiff).

*Michael K. Skold*, assistant attorney general, with
whom, on the brief, was *George Jepsen*, attorney gen-
eral, for the appellees (named defendant et al.).

*Opinion*

PER CURIAM. The plaintiff, Ricky A. Morneau, appeals from the judgment of the trial court, *Wiese, J.*, rendered when the court denied the plaintiff's motion to open the judgment, which he filed on October 5, 2012. Previously, on November 25, 2009, the trial court, *Pittman, J.*, rendered judgment of dismissal in favor of the defendants, the state of Connecticut and the State Marshal Commission,[1] due to the lack of subject matter jurisdiction on the ground of sovereign immunity. Judge Wiese found that the plaintiff's motion to open the judgment failed to comply with Practice Book § 17-4[2] and that the plaintiff had failed to demonstrate that any exception to the four month limitation in that rule was applicable. See General Statutes § 52-212a.[3] On the basis of our review of the record, the briefs of the parties and their oral arguments in this court, we conclude that Judge Wiese did not abuse his discretion in denying the plaintiff's motion to open the judgment, which was filed almost three years after the judgment was rendered. We, therefore, affirm the judgment of the trial court.

The judgment is affirmed.

[1] The defendants Timothy Bennett and John Harvey, administrator of the estate of Albenie Gagnon, are not parties to this appeal.

[2] Practice Book § 17-4 (a) provides: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, any civil judgment or decree rendered in the superior court may not be opened or set aside unless a motion to open or set aside is *filed within four months* succeeding the date on which notice was sent. The parties may waive the provisions of this subsection or otherwise submit to the jurisdiction of the court." (Emphasis added.)

[3] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment . . . rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed *within four months* following the date on which it was rendered . . . ." (Emphasis added.); but see *Nelson* v. *Charlesworth*, 82 Conn. App. 710, 713, 846 A.2d 923 (2004) (judgment may be opened after four month limitation if judgment was obtained by fraud or mutual mistake).