******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STEPHEN A. MILLER *v.* JOY KISS ET AL.
(AC 37702)

Lavine, Beach and Mullins, Js.

*Argued March 7—officially released May 24, 2016*

(Appeal from Superior Court, judicial district of
Fairfield, Bellis, J.)

*Stephen A. Miller*, self-represented, the appellant
(plaintiff).

*Christopher M. Connelly*, for the appellees
(defendants).

*Opinion*

PER CURIAM. The plaintiff, Stephen A. Miller, appeals from the judgment rendered following the granting of a motion for nonsuit filed by the defendants, Applied Behavioral Rehabilitation Institute, Inc. (institute), Joy Kiss, Sarah McDonald, and Ricky Dennis. The plaintiff claims that the court erred in granting the motion for nonsuit because (1) the defendants' "strategy" of repeatedly seeking revisions to the plaintiff's complaint is prohibited by Connecticut law, (2) there was substantial evidence to support his legal claims against the defendants, and (3) the trial court demonstrated bias against him and made "prejudicial" rulings. We affirm the judgment of the trial court.

In his complaint, the plaintiff alleges that he was a resident of a facility managed by the institute. Kiss, McDonald, and Dennis were employees of the institute. The plaintiff further alleges that the defendants entered his apartment, stole his property, and subsequently disposed of the property.

The plaintiff served his complaint on July 28, 2014. On September 17, 2014, the defendants filed a request to revise the complaint, which requested ten specific revisions. The plaintiff did not file an objection to any of the requested revisions, and he filed a revised complaint on September 24, 2014. The revised complaint addressed only three of the changes that the defendants had requested. On October 21, 2014, the defendants moved for nonsuit due to the plaintiff's failure to revise the complaint in compliance with the request to revise. The plaintiff objected to the motion, and he filed a second revised and amended complaint on November 18, 2014. Again, this complaint did not address the requested revisions. On November 26, 2014, the defendants filed a second motion for nonsuit.

On December 3, 2014, the court reviewed the requested revisions in open court and ordered the plaintiff to revise his complaint to comply with the request to revise. The plaintiff filed a third revised complaint on January 7, 2015. This complaint did not comply with the requested revisions. The defendants filed another motion for nonsuit. The court granted this motion on February 10, 2015. On October 22, 2015, the judgment file was entered: "Whereupon it is adjudged that the plaintiff be and he is hereby nonsuited." This appeal followed.

On appeal, the plaintiff claims that the court improperly granted the defendants' final motion for a judgment of nonsuit. The plaintiff refers to *Claude* v. *Claude*, 143 Conn. App. 307, 68 A.3d 1204 (2013), in support of his position. *Claude* involved an appeal from the denial of a party's motion to open, where, despite proper request, the trial court failed to provide an explanation for its denial of a motion to open a nonsuit. Id., 310–11. Here,

the case is in a different procedural posture and the court's rationale is perfectly clear: despite several opportunities, the plaintiff failed to comply with proper requests to revise his complaint. Accordingly, *Claude* has no bearing on this case. Relatedly, the plaintiff's claim that there was substantial evidence to support his cause of action against the defendants does not demonstrate that the court abused its discretion in requiring that the pleadings substantially adhere to the requirements of the Practice Book. See *Rodriguez* v. *Mallory Battery Co.*, 188 Conn. 145, 150–51, 448 A.2d 829 (1982) (holding that court properly nonsuited plaintiff who twice failed to comply with court's order to revise his complaint to address defendants' requested revisions).

We have reviewed the plaintiff's claim that the trial judge was biased and that the plaintiff suffered "flagrant prejudicial experiences" as a result of the trial judge's conduct, and we find it to be without merit.

The plaintiff has not established that the court abused its discretion by rendering a judgment of nonsuit after the plaintiff had three opportunities, spanning the course of several months, to comply with the defendants' proper requests to revise. Accordingly, we disagree with the plaintiff's claims.

The judgment is affirmed.