******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DAVID SIMMONS *v.* SCOTT WEISS ET AL.
(AC 38610)
(AC 38657)

Alvord, Mullins and Bear, Js.

*Syllabus*

The plaintiff sought to recover damages for, inter alia, medical malpractice from the defendants, W, a podiatrist, B, a physician's assistant, and a hospital, in connection with a surgery in which two of the plaintiff's toes were amputated, allegedly without the plaintiff's informed consent. Thereafter, the hospital and B filed a motion to dismiss the action as against them on the ground that the plaintiff had failed to obtain and file a written opinion of a similar health care provider as required by statute (§ 52-190a) in medical malpractice actions. W subsequently filed a motion to dismiss the action as against him on the same ground. The trial court granted the defendants' motions to dismiss and rendered judgment dismissing the action, from which the plaintiff did not appeal. The plaintiff thereafter filed an untimely motion to open the judgment of dismissal. The trial court granted in part the motion to open, concluding that the first trial court had improperly granted the defendants' motions to dismiss with respect to the entire complaint because the complaint included a claim of lack of informed consent, which fell outside the scope of § 52-190a, and, therefore, the motions were applicable only to the medical malpractice claims. The court also concluded that compelling equitable circumstances required the court to rectify an injustice by opening the judgment of dismissal because the defendants had misled the first trial court by misstating the law in arguing that the entire complaint asserted claims governed by § 52-190a. Thereafter, W filed an appeal, and B and the hospital filed a separate appeal, with this court. On appeal, the defendants claimed that the trial court improperly had opened the judgment of dismissal more than four months after it was rendered when no exception to the statutory (§ 52-212a) four month limitation period for opening judgments was applicable, and, therefore, that court lacked the authority to open the judgment. *Held*:

1. This court had jurisdiction over the defendants' appeals; although the granting of a motion to open a judgment generally is not immediately appealable, an exception to that general rule is applicable when, as in the present case, an appellant asserts a colorable claim that the trial court lacked the authority to open the judgment.

2. This court concluded that the trial court improperly granted the plaintiff's motion to open the judgment of dismissal and remanded the case with direction to dismiss the motion to open, the trial court having lacked authority to open the judgment because the plaintiff filed his motion to open more than four months after the judgment of dismissal was rendered and no exception to the statutory four month limitation period was applicable: the plaintiff neither claimed nor attempted to prove that the exceptions to the four month limitation period, namely, fraud, duress, and mutual mistake, applied in the present case, and the trial court did not make such a finding but, rather, opened the judgment of dismissal on the ground that it was erroneous as a matter of law; moreover, contrary to the trial court's conclusion that compelling equitable circumstances required the court to rectify an injustice by opening the judgment of dismissal, the defendants did not present the case in a manner that was deceptive or inconsistent with the complaint, because the plaintiff had failed to file a written opinion of a similar health care provider as required by 52-190a, neither the filing nor the granting of the motions to dismiss on that ground was a violation of the law or an injustice, even if there may have been lack of consent or lack of informed consent claims included in the complaint, the first trial court dismissed the complaint because it failed to comply with § 52-190a, and the existence of these other claims did not make the dismissal of the action manifestly unjust, and opening a judgment after the four month limitation period on the ground that a court improperly dismissed an action in full rather than in part was beyond the authority of the court.

Argued April 20—officially released September 5, 2017

*Procedural History*

Action to recover damages for, inter alia, the defendants' alleged medical malpractice, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Lee, J.*, granted the defendants' motions to dismiss and rendered judgment for the defendants; thereafter, the court, *Povodator, J.*, granted in part the plaintiff's motion to open the judgment, from which the named defendant and the defendant Scott Brown et al. filed separate appeals with this court. *Improper form of judgment; judgment directed.*

*Liam M. West*, for the appellant (named defendant).

*Michael G. Rigg*, for the appellants (defendant Scott Brown et al.).

*Opinion*

MULLINS, J. The defendants, Scott Weiss, Norwalk Hospital (hospital), and Scott Brown, appeal following the trial court's granting in part of the motion filed by the plaintiff, David Simmons, to open a prior judgment that had been rendered against him. On appeal, the defendants claim that the trial court improperly opened the judgment more than four months after it was rendered when no exception to the timeliness requirement existed. We conclude that the trial court did not have the authority to open the judgment. Accordingly, we reverse the trial court's ruling on the motion to open and remand the case with direction to dismiss the motion to open.

The following facts and procedural history are relevant to our review of the defendants' claim. This medical malpractice action arose from a surgery in which Weiss, a podiatrist, amputated two of the plaintiff's toes. According to the plaintiff, Weiss, without "any real examination," recommended the amputation of the plaintiff's right foot, to which the plaintiff responded that amputation was unnecessary. Instead, the plaintiff underwent two surgeries at the hospital to open, scrape, and flush his right foot, both of which were performed by Weiss. During the second surgery, Weiss "amputated [two] noninfected perfectly normal toes." Brown is a physician's assistant who was an employee of the hospital at the time of the surgeries and who provided medical care to the plaintiff while he was an in patient at the hospital. The plaintiff, thereafter, brought this action against the defendants.

On November 21, 2014, the hospital and Brown moved to dismiss the action pursuant to General Statutes § 52-190a[1] on the ground that the plaintiff had failed to obtain and file a written opinion of a similar health care provider. On November 25, 2014, Weiss filed a motion to dismiss on the same ground. On February 23, 2015, the trial court, *Lee, J.*, granted the motion to dismiss filed by Weiss, and, on March 2, 2015, it granted the motion to dismiss filed by the hospital and Brown. The trial court thereafter rendered judgment dismissing the action. The plaintiff did not appeal from that judgment.

On July 10, 2015, the plaintiff filed a motion to open the judgment of dismissal on the grounds of "[l]ack of legal assistance and . . . poor [response] from defense [attorney's] office," to which the defendants objected. On September 8, 2015, the trial court, *Povodator, J.*, issued an order in which it stated, sua sponte, that the defendants' motions to dismiss improperly had been granted by Judge Lee because the plaintiff's complaint included a claim for lack of informed consent, which exists outside the scope of § 52-190a, and, therefore, the motions to dismiss should have been applicable

only to part of the complaint. Consequently, Judge Povodator ordered the defendants to brief the issue of whether Judge Lee erred in granting the motions to dismiss the entire complaint, with which the defendants complied.

On November 24, 2015, Judge Povodator issued a memorandum of decision in which he ordered that "the motion to open the judgment is granted in part, limited to the claims of the plaintiff asserting lack of consent and/or lack of informed consent, i.e., issues fairly within the scope of the complaint but not asserting medical negligence. The motion is denied with respect to the claims of medical negligence, for which § 52-190a is applicable." Thereafter, Weiss, and Brown and the hospital filed separate appeals with this court. Additional facts will be set forth as necessary.

As a threshold matter, we must first determine whether we have jurisdiction over the appeals. "Ordinarily, the granting of a motion to open a prior judgment is not a final judgment, and, therefore, not immediately appealable. . . . Our Supreme Court, however, has carved out an exception to that rule where a colorable claim is made that the trial court lacked the power to open a judgment." (Internal quotation marks omitted.) *Nelson* v. *Charlesworth*, 82 Conn. App. 710, 712, 846 A.2d 923 (2004). The defendants argue that General Statutes § 52-212a bars a trial court from opening a judgment after four months, absent a common-law exception. They further argue that, in the present action, Judge Povodator did not make a finding of any of the common-law exceptions upon which he relied to open the judgment of dismissal. Consequently, they argue, the trial court lacked the authority to open the judgment after the four month period had expired. As the defendants' claim is a colorable claim that the trial court lacked the authority to open the judgment, we have jurisdiction over the appeals.

We next set forth our standard of review and relevant law. "Whether proceeding under the common law or a statute, the action of a trial court in granting or refusing an application to open a judgment is, generally, within the judicial discretion of such court, and its action will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion." (Internal quotation marks omitted.) Id., 713.

"[Section] 52-212a provides in relevant part: 'Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . .' Practice Book § 17-43 contains similar language. Courts have interpreted the phrase, '[u]nless otherwise provided by law,' as preserving the common-law authority of a court to open

a judgment after the four month period." Id., 713–14. It is well established that "[c]ourts have intrinsic powers, independent of statutory provisions authorizing the opening of judgments, to vacate [or open] any judgment obtained by fraud, duress or mutual mistake." *In re Baby Girl B.*, 224 Conn. 263, 283, 618 A.2d 1 (1992).

In the present case, on February 23, 2015, the court granted Weiss' motion to dismiss, and it issued judicial notice of that decision on February 27, 2015. Therefore, the four month period within which the plaintiff had to file his motion to open expired on Monday, June 29, 2015.[2] The plaintiff, however, filed the motion to open on July 10, 2015. This is beyond the four month period in which the plaintiff properly could have filed a motion to open a judgment without an applicable exception. See Practice Book § 17-4.

Similarly, on March 2, 2015, the court granted the motion to dismiss filed on behalf of the hospital and Brown, and it issued judicial notice of that decision on March 4, 2015. Therefore, the four month period within which the plaintiff had to file his motion to open expired on Monday, July 6, 2015.[3] The plaintiff, however, filed the motion to open on July 10, 2015, which is beyond the four month period in which the plaintiff properly could have filed a motion to open a judgment without an applicable exception. See Practice Book § 17-4. Thus, because the plaintiff filed his motion to open beyond the requisite four month time restriction, Judge Povodator would have had the authority to open the judgment of dismissal only if one of the exceptions to the four month period was applicable. Accordingly, we now turn to the exceptions to § 52-212a.

The exceptions to § 52-212a that authorize a trial court to open a judgment when the four month period has expired are fraud, duress, and mutual mistake.[4] See, e.g., *In re Baby Girl B.*, supra, 224 Conn. 283. The plaintiff neither claimed nor attempted to prove the existence of any one of these exceptions when he filed his motion to open the judgment of dismissal. See *Trumbull* v. *Palmer*, 123 Conn. App. 244, 257, 1 A.3d 1121 (burden of proof in motion to open is on moving party), cert. denied, 299 Conn. 907, 10 A.3d 526 (2010). Also, Judge Povodator did not make a finding that any of these exceptions applied. Consequently, Judge Povodator was without authority to open the judgment pursuant to § 52-212a.

Notwithstanding the foregoing, however, and relying primarily on our decision in *Connecticut Savings Bank* v. *Obenauf*, 59 Conn. App. 351, 758 A.2d 363 (2000), Judge Povodator concluded that compelling equitable circumstances required the court to rectify an injustice by opening the judgment.[5] In *Connecticut Savings Bank*, we held that it was proper to open a judgment seven years after it was rendered because the judgment was facially inconsistent with the complaint. Id., 355–56.

In that case, the plaintiff obtained a money judgment against a defendant where that defendant was the transferee in a fraudulent conveyance action. The judgment violated Connecticut law at the time, which provided that "a successful claim of fraudulent conveyance could not result in a judgment of liability against the transferee, joint and several or otherwise, on the underlying debt obligations owed by the transferor." Id., 355. Thus, we concluded that "[t]o allow the plaintiff to benefit from a judgment against the defendant in excess of $41,000 that was contrary to law at the time of its rendition 'shocks the judicial conscience' . . . and violates the principles of equity that govern our application of the law." (Citations omitted.) Id., 357.

The circumstances of this present case do not rise to the level of deception presented in *Connecticut Savings Bank*. According to Judge Povodator, the compelling equitable circumstances in the present case were that the defendants had misled Judge Lee, and, as a result, Judge Lee rendered a judgment that was erroneous. Specifically, Judge Povodator stated that he was "troubled by the seeming lack of forthrightness [by the defendants' counsel] with the court about the nature of the claims and the applicability of § 52-190a." Moreover, he found that by characterizing the entire claim as one of medical malpractice, the defendants' counsel led to the "distortion of adjudication . . . ." In essence, Judge Povodator suggested that the defendants misstated the law with regard to § 52-190a (c) and, consequently, led Judge Lee to treat the one count complaint solely as a medical malpractice claim rather than as two separate claims of medical malpractice and lack of consent, each requiring separate legal analysis. In Judge Povodator's view, these "equitably compelling circumstances," which appear to be based on his conclusion that the defendants perpetrated a fraud upon the court, were sufficiently compelling to constitute an injustice and thus supported the opening of the judgment.

We do not agree with Judge Povodator. First, we do not agree that the defendants presented the case in such a manner that it was deceptive or inconsistent with the complaint. Indeed, the complaint was not a model of clarity but certainly included claims of medical malpractice without the requisite § 52-190a letter. Because the complaint lacked that letter, neither the filing nor granting of a motion to dismiss the complaint on that basis was a violation of the law or an injustice. See *Rios* v. *CCMC Corp.*, 106 Conn. App. 810, 822, 943 A.2d 544 (2008); see also *Votre* v. *County Obstetrics & Gynecology Group*, *P.C.*, 113 Conn. App. 569, 580–81, 966 A.2d 813, cert. denied, 292 Conn. 911, 973 A.2d 661 (2009).

Second, with respect to the fact that there may have been lack of consent or lack of informed consent claims included in the complaint, given that Judge Lee would

have been able to view the operative complaint himself before deciding the motions to dismiss, it is unclear to this court on appeal how the defendants deceived Judge Lee or suppressed the truth regarding what claims were being presented in the complaint. Judge Lee dismissed the complaint because it failed to comply with § 52-190a. The fact that other claims may have been in the complaint does not make the dismissal of the action manifestly unjust. Indeed, § 52-190a (c) provides in relevant part that "failure to obtain and file the written opinion letter . . . shall be grounds for dismissal of the *action*."[6] (Emphasis added.) This simply is not a case in which the original judgment is facially inconsistent with the complaint such that Judge Lee's decision to dismiss the complaint shocks the conscience. Consequently, we do not find that an injustice occurred in connection with the original judgment of dismissal that violates the principles of equity and, thus, justifies Judge Povodator's opening of the judgment.

Absent equitably compelling circumstances, Judge Povodator's only ground for opening the judgment of dismissal was that Judge Lee improperly had dismissed the action in full, when the complaint actually contained two claims, one for medical malpractice and one for lack of informed consent, and, therefore, two separate legal analyses were required when considering the motions to dismiss. Opening a judgment on such a ground, after the expiration of a four month period, however, is beyond the authority of the trial court. "After the expiration of the four month period . . . a judgment may not be vacated [or opened] upon the sole ground that it is erroneous in matter of law, except by a court exercising appellate or revisory jurisdiction, unless such action is authorized by statute or unless the error is one going to the jurisdiction of the court rendering the judgment." (Internal quotation marks omitted.) *Gallagher* v. *Gallagher*, 29 Conn. App. 482, 483–84, 616 A.2d 281 (1992).

Here, the four month period had expired when the plaintiff filed his motion to open. The trial court, therefore, did not have the authority to open the judgment unless an exception applied. The trial court, however, opened the judgment on the basis that Judge Lee's judgment of dismissal was erroneous as a matter of law. This, however, is not an exception to the four month rule. As such, the trial court exceeded its authority and improperly granted in part the plaintiff's motion to open.

The form of the judgment is improper, the trial court's ruling on the plaintiff's motion to open the judgment is reversed, and the case is remanded with direction to dismiss the motion to open.

In this opinion the other judges concurred.

[1] General Statutes § 52-190a provides in relevant part: "(a) . . . The complaint . . . shall contain a certificate of the . . . party filing the action . . .

that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant . . . . To show the existence of such good faith, the claimant . . . shall obtain a written and signed opinion of a similar health care provider . . . that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. . . .

"(c) The failure to obtain and file the written opinion required by subsection (a) of this section shall be grounds for the dismissal of the action."

[2] The four month period ended on June 27, 2015. Because June 27 fell on a Saturday, however, the period within which the plaintiff had to file his motion did not expire until Monday, June 29, 2015.

[3] The four month period ended on July 4, 2015. Because July 4 fell on a Saturday, however, the period within which the plaintiff had to file his motion did not expire until Monday, July 6, 2015.

[4] Pursuant to § 52-212a, parties also may waive the four month limitation period. The defendants, however, did not waive the statutory limitation and, instead, objected in part to the motion to open on the ground that it was not timely filed.

[5] Judge Povodator also relied on our holding in *Nelson* v. *Charlesworth*, supra, 82 Conn. App. 710, in which we found that the running of the four month limitation period was vitiated by the fraudulent behavior of the plaintiff's attorney, and, thus, the trial court properly granted the defendant's motion to open. Id., 714–15. In *Nelson*, after the defendant or her insurance carrier failed to answer the complaint, the trial court rendered a default judgment and awarded the plaintiff damages. Id., 711. Subequently, the plaintiff's attorney engaged in settlement negotiations with the defendant's insurance carrier, but at no time during negotiations did the plaintiff's attorney inform the insurance carrier of the outstanding judgment and the accruing interest. Id., 711–12. The parties did not reach an agreement, and the defendant subsequently filed a motion to open the judgment after the four month period had expired. Id., 712.

Judge Povodator acknowledged that the lack of candor he attributed to the defendants in the present case was far less egregious than the deceitful conduct in *Nelson*.

[6] We note that the Superior Court judges are divided on the issue of whether an action can be dismissed in part. The majority of judges rule that dismissal of a portion of a complaint is not authorized; see *Recinos* v. *McCarthy*, Superior Court, judicial district of Waterbury, Complex Litigation Docket, Docket No. X06-CV-15-6028101-S (January 6, 2016, *Zemetis, J.*) (61 Conn. L. Rptr. 567) (citing numerous Superior Court decisions and concluding that "[t]he majority view of the judges of the Superior Court appears to be that § 52-190a authorizes only dismissal of the action not sections of it" and, therefore, the court does not have authority to dismiss only part of plaintiff's action under §52-190a [internal quotation marks omitted]); the minority view is that partial dismissal is authorized.

We need not resolve that division of authority today because for purposes of the present case, Judge Lee clearly did not render a judgment that was so inequitable or unjust that compelling circumstances permitted Judge Povodator to open the judgment after the four month limitation period had expired. Also, as mentioned previously in this opinion, none of the recognized exceptions to the four month rule applied.